UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY GIBSON | : **CIVIL NO. 1:12-CV-00113** |
| Plaintiff | : (Chief Judge Kane) |
| v. | : (Magistrate Judge Smyser) |
| SUSQUEHANNA TOWNSHIP, | : |
| Defendant | : |

**REPORT AND RECOMMENDATION**

   We have reviewed the complaint and conclude that it fails to state a claim upon which relief may be granted. We granted the plaintiff leave to file an amended complaint, but he has not filed an amended complaint. Thus, we recommend that the complaint be dismissed and that the case file be closed.

I. Background and Procedural History.

   On January 20, 2012, the plaintiff commenced this action by filing a complaint and an application to proceed *in forma pauperis*. But he failed to sign his application to proceed *in forma pauperis.* We directed the plaintiff to either pay the $350.00 filing fee or file a signed and completed application to proceed *in forma pauperis*. He filed a signed and completed

application to proceed *in forma pauperis*, and by a separate order we have granted the plaintiff's application to proceed *in forma pauperis*.

By an Order dated January 25, 2012, we concluded that the complaint fails to state a claim upon which relief may be granted, and we granted the plaintiff leave to file an amended complaint on or before February 25, 2012.  The plaintiff has not filed an amended complaint.

II.  Pleading Standards.

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009).  The statement required by Rule 8(a)(2) must give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  But more is required than labels,

conclusions, and a formulaic recitation of the elements of a cause of action. *Id.* "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to "show" such an entitlement with its facts." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft, supra,* 129 S.Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft, supra,* 129 S.Ct. at 1949 (quoting *Twombly*, *supra,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* But "a complaint

3

need not pin plaintiff's claim for relief to a precise legal theory." *Skinner v. Switzer,* 131 S.Ct. 1289, 1296 (2011). Rule 8(a)(2) "requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument." *Id.* The factual detail necessary to satisfy the standard will vary depending on the case. *In re Insurance Brokerage Antitrust Litigation,* 618 F.3d 300, 320 n.18 (3d Cir. 2010).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson, supra,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

III. Discussion.

We review the complaint in accordance with 28 U.S.C. § 1915(e)(2) which provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

4

```
      dismiss the case at any time if the court determines
      that -
      (A) the allegation of poverty is untrue; or
      (B) the action or appeal -
          (i) is frivolous or malicious
          (ii) fails to state a claim upon which
      relief may be granted; or
          (iii) seeks monetary relief against a defendant
      who is immune from such relief.
```

The complaint names Susquehanna Township as the defendant. The allegations of the complaint are not entirely clear, but it appears that the plaintiff is complaining about the collection efforts for taxes imposed by the Township.[1]  The plaintiff completed a form seeking an exemption from the taxes, and that form was returned to the plaintiff with an indication that additional information is needed.  The plaintiff claims that the return of the form amounted to racism.  We construe the complaint as asserting an equal protection claim.

---

[1] The plaintiff attached to his complaint a document with two different dates at the top.  One date is September 29, 1998, and the other date is February 17, 2000.  This page deals with the plaintiff's service in the National Guard.  It does not appear to have any connection to the allegations in the complaint or to the other attachments to the complaint.

The equal protection clause "is not a command that all persons be treated alike but, rather, 'a direction that all persons similarly situated should be treated alike.'" *Artway v. Attorney General*, 81 F.3d 1235, 1267 (3d Cir. 1996)(quoting *City of Cleburn v. Cleburn Living Center*, 473 U.S. 432, 439 (1985)).  In order to establish a viable equal protection claim, a plaintiff must show an intentional or purposeful discrimination.  *Wilson v. Schillinger*, 761 F.2d 921, 929 (3d Cir. 1985).

 Although the plaintiff claims racism, he has not alleged any facts from which it can reasonably be inferred that the return of the exemption form was based on race.  The plaintiff has not alleged that the defendant knew of his race or that other similarly situated persons were treated differently.  Accordingly, the complaint fails to state a claim upon which relief may be granted.

As we stated earlier, we granted the plaintiff leave to file an amended complaint, but he has not filed an amended complaint.[2]

IV. Recommendations.

Based on the foregoing, it is recommended that the complaint be dismissed and that the case file be closed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:   March 1, 2012.

---

[2] Along with his application to proceed *in form pauperis*, the plaintiff filed a number of documents. One of those documents is titled as a "Constitutional Citizen Warren." Another of those documents is a copy of the plaintiff's tax exemption form, which the plaintiff had attached to his complaint. Another of those documents appears to be a coverletter to the court in which the plaintiff sets forth the relief that he is seeking. None of those documents can reasonably be construed as an amended complaint. But even if they are construed as an amended complaint, they fail to state a claim upon which relief may be granted.