IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEFFREY GIBSON, | : | |
| Plaintiff | : | No. 1:12-cv-00113 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| SUSQUEHANNA TOWNSHIP, | : | (Magistrate Judge Smyser) |
| Defendant | : | |

## MEMORANDUM ORDER

Before the Court is the Report and Recommendation of Magistrate Judge J. Andrew Smyser, in which he recommends that the Court dismiss Plaintiff's complaint. (Doc. No. 7.) For the reasons that follow, the Court will adopt the Report and Recommendation.

**I.   BACKGROUND**

On January 20, 2012, Plaintiff filed a complaint against Defendant Susquehanna Township, alleging that Defendant's tax-collection efforts were motivated by racism. (Doc. No. 1.) Specifically, Plaintiff alleges that he filed a tax exemption form, which Defendant returned, requesting a copy of his federal, state, or local income tax return by January 1, 2012. Further, Plaintiff alleges that Defendant has sent similar forms to other African Americans, which constitutes racism. (Id. at 1-3.)

On January 25, 2012, Magistrate Judge Smyser granted Plaintiff leave to file an amended complaint on or before February 25, 2012, noting deficiencies in Plaintiff's complaint. (Doc. No. 4.) Plaintiff did not file an amended complaint.

On March 1, 2012, Magistrate Judge Smyser issued an order granting Plaintiff's motion for leave to proceed in forma pauperis. That same day, Magistrate Judge Smyser issued a Report and Recommendation, construing Plaintiff's complaint as raising an equal protection claim.

(Doc. No. 7 at 5.)  In recommending that Plaintiff's complaint be dismissed, Magistrate Judge Smyser noted that Plaintiff's complaint does not allege any facts from which it can reasonably be inferred that the return of the form was based on race, as Plaintiff has not alleged that Defendant knew of his race or that similarly situated persons were treated differently.  (Id. at 6.)

## II.     STANDARD OF REVIEW

The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b), provide that any party may file written objections to a magistrate's proposed findings and recommendations.  In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a de novo determination of those portions of the Report and Recommendation to which objection is made.  28 U.S.C. § 636(b)(1).

A court must review the complaint of a plaintiff seeking to proceed in forma pauperis prior to service of process under 28 U.S.C. § 1915(e).  If the court determines that an action fails to state a claim on which relief may be granted, dismissal of that claim is required.  28 U.S.C. § 1915(e)(2)(B) (ii); see also id. § 1915A(b)(1).  The standard of review for failure to state a claim in this context is the same as the standard governing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Grayson v. Mayview State Hosp., 293 F.3d 103, 110 (3d Cir. 2002).  Thus, dismissal is proper when the defendants are entitled to judgment as a matter of law.  See Markowitz v. Ne. Land Co., 906 F.2d 100, 103 (3d Cir. 1990).  To avoid dismissal, the complaint must contain allegations sufficient to "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Essentially, a plaintiff must "set forth sufficient information to outline the elements of his claim or to permit

inferences to be drawn that those elements exist." Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993) (citation omitted). Put otherwise, a civil complaint must "set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1955 (2009)). A court, however, "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906, 908 (3d Cir. 1997).

## III. DISCUSSION

On March 5, 2012, Plaintiff filed a letter with the Court. (Doc. No. 8.) In his letter, Plaintiff argues that Magistrate Judge Smyser failed to write about the "United States Constitutional Citizen Warrant," which Plaintiff included with his complaint. Further, Plaintiff makes a vague allegation that someone took pages from his filings, and requests that the United States Attorney's Office investigate the matter. Plaintiff also takes issue with Magistrate Judge Smyser's failure to address his "motion for relief," or his request that the Civil Rights Division of the United States Department of Justice investigate Susquehanna Township.

Plaintiff's letter can be liberally construed as objections to Magistrate Judge Smyser's Report and Recommendation. However, the objections lack legal merit, and do not warrant further discussion. Upon de novo review, the Court will adopt Magistrate Judge Smyser's well-reasoned Report and Recommendation in full.

In order to state an equal protection claim, a plaintiff must show intentional or purposeful discrimination. Wilson v. Schillinger, 761 F.2d 921, 929 (3d Cir. 1985). While Plaintiff alleges that Defendant's act of sending back his tax exemption form amounted to racial discrimination, Plaintiff's complaint is void of any allegations that Defendant was aware of his race, or that he

was treated any differently than similarly situated people.  Thus, Plaintiff's complaint fails to state a claim, and must be dismissed.  Because Plaintiff has been granted leave to amend his complaint, but has failed to do so, the Court will dismiss his complaint with prejudice.

## IV. CONCLUSION

**ACCORDINGLY**, on this 29th day of March 2012, **IT IS HEREBY ORDERED THAT** Magistrate Judge Smyser's Report and Recommendation (Doc. No. 7) is **ADOPTED** and Plaintiff's complaint (Doc. No. 1) is **DISMISSED WITH PREJUDICE**.  The Clerk of Court is directed to close the case.

        s/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania